Chancellor Thompson
delivered the decree of the ■court.
The object contemplated by the complainant in this case js to foreclose the equity of redemption in seventeen ne- ’ , ,. , gro slaves, which were conveyed to him by defendant by a deed which was intended as a mortgage, (but in fact is an absolute bill of sale,) for the purpose of securing a certain sum of money in the bill mentioned, due to the complainant by the defendant, and also to indemnify the complainant against certain notes of hand of the defendant, endorsed by the complainant, which in consequence of the insolvency ofthe defendant, the complainant has been compelled to discharge. The defendant does not deny that the deed was intended to secure the complainant’s debt, and to indemnify him against the payment of the notes lie had endorsed; but states that the original motive for executing the deed was for certain purposes set forth in the answer ; which however it is admitted, were not carried into effect. Their differences were afterwards submitted to arbitration; and the complainant protested against the award, after it had been reduced to writing, but previous to its having been signed, for the reasons expressed in his bill. The award not having been so framed as to make a final settlement between the parties immediately (although the court believe it was made with the best intentions by the arbitrators) must be set aside, because the complainant is put altogether in the power of the defendant, with respect to the time of payment of his debt, no period being fixed by the award for so doing; and the defendant is in the mean time to enjoy the profits arising from the work and labor of the negroes.
It is considered unnecessary to remark on the evidence, it being very contradictory, and having no tendency to invalidate the complainant’s demand. With respect to the *573 defendant’s attempt to set off in discount tbe damages he has sustained by not carrying their original contract into execution, as that is a mater of great uncertainty, and the defendant can have complete redress at law, this court will not interfere, but leave him to pursue his remedy there. The fact of a debt being due is admitted by the defendant; it is only therefore requisite that it should be liquidated. It must be referred to the master to settle and state the accounts, and report the amount with interest upon the sums paid on the notes endorsed by complainant, and that he do within two months, advertise and sell so many of the said negroes, as will be sufficient to pay and satisfy the complainant’s debt, and the costs of suit; and that he give a credit of nine months.
Mr. Pringle for complainant.
Mr. Ward for defendant.